# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MORGAN, | No. 2:22-cv-01941-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| JACYLN HOBBS, VICTORIA STAEBLER, NATALIE DAVEY, SAMATHA SAECHO, MARISA SANDOVAL, DULCE OLIVARES, VANESSA SEGOVIA-OVIEDO, JOANNA MORENO, JANELLE, SCHUSTER, MICHELLE CALLEJAS, SACRAMENTO DEPARTMENT OF CHILD, FAMILY, AND ADULT SERVICES, BETHANY PETERSON, H.O.P.E. THERAPEUTIC SERVICES, SAMUEL T. ROUNSEVILLE, KATHLEEN L. ROUNSEVILLE, AND DOES 1 through 24, inclusive, | |
| Defendants. | |

Defendant Bethany Peterson moves to dismiss plaintiff Jamie Morgan's sixth cause of action for therapeutic negligence to the extent pled against her. Because this entire action was improperly removed to federal court, the court cannot rule on the motion and instead **remands** to the Sacramento County Superior Court.

This action was originally filed in the Sacramento County Superior Court. In October 2022, defendants County of Sacramento, Jaclyn Hobbs, Victoria Staebler, Natalie Davey,

1

Samantha Saecho, Marisa Sandoval, Dulce Olivares, Vanessa Segovia-Oviedo, Michelle Callejas, Joanna Moreno and Janelle Schuster removed the action under 28 U.S.C. § 1441(a), invoking federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal at 1–2, ECF No. 1.[1]

    A defendant may generally remove a case from state court to the federal district court embracing the same location if that district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). However, jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). After all, there is a strong presumption against removal and courts are to "strictly construe the removal statute against removal jurisdiction." *Id.* (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

    For removal in civil actions, 28 U.S.C. § 1446 requires unanimous consent from all properly served defendants. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Here, defendants did not join Bethany Peterson, H.O.P.E Therapeutic Services, Samuel T. Rounseville and Kathleen L. Rounseville in their petition for removal. *See generally* Notice of Removal. Although defendants state "the docket is silent as to service made against any defendant," this representation is contradicted by the prior paragraph noting the date of service. *Id.* at 2. Moreover, defendants' attached exhibits specify service of summons were filed. *See* Notice of Removal, Ex. A–D, ECF No. 1. On this record, it is at most ambiguous whether the other defendants were served. It is defendants' burden to show removal was proper here, and they did not do so. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."). Thus, the court finds defendants did not meet the unanimity requirement for removal jurisdiction under

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

28 U.S.C. § 1441(a) and accordingly finds removal improper. The court **remands the action to Sacramento County Superior Court and dismisses the motion to dismiss as moot.**

    This order resolves ECF No. 6.

    IT IS SO ORDERED.

DATED: February 14, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE